UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN WIREMAN,

        Petitioner,

                                  Case No. 18-cv-11028

v.                                  Honorable Linda V. Parker

THOMAS O'BELL WINN,

        Respondent.
_____/

**<u>OPINION AND ORDER GRANTING THE STATE'S MOTION FOR
DISMISSAL OF THE HABEAS PETITION (ECF NO. 7),
DENYING A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*</u>**

Petitioner John Wireman, proceeding *pro se,* filed a habeas corpus petition under 28 U.S.C. § 2254. (ECF No. 1.) The State filed a motion to dismiss the petition due to Petitioner's failure to exhaust state remedies for his claims and his failure to comply with the one-year statute of limitations. (ECF No. 7.) The Court agrees with the State that the petition is time-barred. Accordingly, the Court will grant the State's motion and dismiss the petition with prejudice.

## I. Background

Petitioner was charged with three counts of criminal sexual conduct in the first degree and three counts of criminal sexual conduct in the third degree. He was tried before a jury in Newaygo County Circuit Court. On September 4, 2014,

the jury found Petitioner guilty of three counts of first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b(1)(b) (sexual penetration of a victim who is thirteen, fourteen, or fifteen years of age, and the actor is related to the victim or is a member of the same household). The jury acquitted Petitioner of the three counts of criminal sexual conduct in the third degree.

On October 7, 2014, the trial court sentenced Petitioner to three concurrent sentences of twenty-five to seventy-five years in prison. In an appeal of right, Petitioner argued through counsel that (1) his constitutional rights were violated when a worker employed by Children Protective Services (CPS) testified that CPS thoroughly investigated the complainant's allegations and concluded that the complainant's allegations were substantiated; and (2) he was denied effective assistance of counsel when his attorney failed to object to the unfairly prejudicial testimony. On April 19, 2016, the Michigan Court of Appeals affirmed Petitioner's convictions in an unpublished, *per curiam* opinion. *See People v. Wireman*, No. 325264, 2016 WL 1579008 (Mich. Ct. App. Apr. 19, 2016). Petitioner's appellate attorney attempted to file an application for leave to appeal in the Michigan Supreme Court, but the application was rejected as untimely on June 30, 2016. (*See* ECF No. 8-8.)

On March 16, 2018, Petitioner signed and dated his habeas corpus petition, and on March 29, 2018, the Clerk of Court filed the petition. (ECF No. 1.)

Petitioner alleges as grounds for relief the same claims that he presented to the Michigan Court of Appeals. The State urges the Court to dismiss the habeas petition either (1) because the petition is time-barred, or (2) because Petitioner failed to properly present his claims to the Michigan Supreme Court and therefore did not exhaust state remedies for his claims. The Court bypasses the exhaustion argument because Petitioner's claims are clearly untimely.

## II. Analysis

### A. The Statute of Limitations

Petitioner "filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), so it is subject to AEDPA's stringent standards." *Davis v. Bradshaw*, 900 F.3d 315, 323 (6th Cir. 2018) (citing *Smith v. Mitchell*, 567 F.3d 246, 255 (6th Cir. 2009)). AEDPA established a one-year period of limitations for state prisoners to file their federal habeas corpus petitions. *See* 28 U.S.C. § 2244(d)(1); *see also Wall v. Kholi*, 562 U.S. 545, 550 (2011); *Davis*, 900 F.3d at 323; *Holbrook v. Curtin*, 833 F.3d 612, 615 (6th Cir. 2016), *cert. denied sub nom Woods v. Holbrook*, 137 S. Ct. 1436 (2017). The limitations period runs from the latest of the following four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United

States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). "AEDPA also contains a tolling provision, which specifies that '[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.' " *Holbrook*, 833 F.3d at 615 (quoting 28 U.S.C. § 2244(d)(2)).

Petitioner is not relying on a newly recognized constitutional right or on newly discovered facts, and he has not alleged that a state-created impediment prevented him from filing a timely petition. Consequently, the relevant subsection here is § 2244(d)(1)(A), which states that a conviction becomes final at "the conclusion of direct review or the expiration of the time for seeking such review."

> For petitioners who pursue direct review all the way to [the Supreme] Court, the judgment becomes final at the "conclusion of direct review"—when [the Supreme] Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review"—when the time for pursuing direct review in [the Supreme]

4

Court, or in state court, expires.

*Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012).

Petitioner did not file a timely application for leave to appeal in the Michigan Supreme Court, and the deadline for doing so expired on June 14, 2016, fifty-six days after the Michigan Court of Appeals affirmed his convictions. *See* Mich. Ct. R. 7.305(C)(2) (stating that an application for leave to appeal after a Court of Appeals decision must be filed within 56 days in criminal cases). Because the time for pursuing direct review in the state court expired on June 14, 2016, Petitioner had one year from that date, or until June 14, 2017, to file his habeas petition. *Gonzalez*, 565 U.S. at 150. Petitioner did not file his habeas petition until March 16, 2018, more than nine months after the limitations period expired. The petition, therefore, is untimely, absent equitable tolling of the limitations period or a credible claim of actual innocence.

**B. Equitable Tolling**

AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). But a habeas petitioner "is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner alleges that his application for leave to appeal in the Michigan Supreme Court was untimely because his appellate attorney mistakenly filed a late application in the state supreme court. (*See* ECF No. 1 at PgID 5, 7-8, 11 & 13.) Appellate counsel's mistake, however, had little impact on the statute of limitations because Petitioner could have filed a timely habeas petition after the Michigan Supreme Court rejected his appellate application as untimely. Alternatively, Petitioner could have filed a proper post-conviction motion, which would have tolled the limitations period. 28 U.S.C. § 2244(d)(2).

Petitioner has not shown that he pursued his rights diligently or that some extraordinary circumstance stood in his way and prevented timely filing of the habeas petition. Therefore, he is not entitled to equitable tolling of the statute of limitations.

### C. Actual Innocence

Actual innocence, if proved, serves as a gateway through which habeas petitioners may pass when the impediment to consideration of the merits of their constitutional claims is expiration of the statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). The Supreme Court has cautioned, however, "that tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of . . . new evidence, no juror, acting reasonably, would have voted to find him guilty

beyond a reasonable doubt.' " *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). "To be credible, [a claim of actual innocence] requires [the] petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324.

Petitioner invokes the actual-innocence exception on the basis that there was no physical or medical evidence implicating him, and because there was a conspiracy to falsely accuse him due to a pending custody battle. (*See* ECF No. 1 at Pg ID 11.) The lack of physical or medical evidence was obvious at trial, and there was some trial testimony about disputes over custody or visitation rights. In addition, the sole defense witness testified that Petitioner's ex-wife threatened to tell people that Petitioner was sleeping with the complaining witness if Petitioner tried to take her children from her. (ECF No. 8-4, Trial Tr., at Pg ID 264.) Petitioner has not presented the Court with any new and reliable evidence of a conspiracy to falsely accuse him. The Court, therefore, declines to excuse the late filing of the habeas petition on the basis of Petitioner's claim of actual innocence.

### III. Conclusion

The habeas petition is untimely, and Petitioner is not entitled to equitable tolling of the limitations period. Additionally, Petitioner is not entitled to pass

through the statute-of-limitations gateway on the basis of his claim of actual innocence.

Accordingly,

**IT IS ORDERED** that the State's motion to dismiss the habeas petition (ECF No. 7) is **GRANTED**, and the petition (ECF No. 1) is **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED THAT** a certificate of appealability is **DENIED** because reasonable jurists would not find it debatable whether the petition states a valid claim of the denial of a constitutional right or whether the Court's procedural ruling is correct. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS FURTHER ORDERED** that leave to appeal *in forma pauperis* is **DENIED** because an appeal could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED**.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: December 20, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, December 20, 2018, by electronic and/or U.S. First Class mail.

s/ R. Loury  
Case Manager